OPINIONS OF THE SUPREME COURT OF OHIO
**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Dayton Bar Association v. Rogers.
[Cite as Dayton Bar Assn. v. Rogers (1994),        Ohio St.3d        .]
Attorneys at law -- Misconduct -- Public reprimand -- Illegal conduct involving moral turpitude -- Conduct involving fraud, deceit, dishonesty or misrepresentation.
(No. 94-1815 -- Submitted December 11, 1994 -- Decided December 21, 1994.

On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-60.

By complaint filed October 18, 1993, relator, Dayton Bar Assocation, charged that respondent, Richard H. Rogers of Dayton, Ohio, Attorney Registration No. 0017858, had violated, inter alia, DR 1-102(A)(3) (illegal conduct involving moral turpitude) and 1-102(A)(4) (conduct involving fraud, deceit, dishonesty or misrepresentation).  Respondent waived a plenary hearing and requested that a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") consider the matter on joint stipulations and his statement of mitigating factors.  The parties' stipulations and respondent's statement were formally submitted to the panel on May 6, 1994, at which time respondent also answered several questions from a representative of the panel.

The record before the panel established that respondent was formerly employed as Vice President of the International Division of Price Brothers Company.  In 1988, respondent arranged for and received the company's payment of approximately $37,500, by charging a fictitious consultant fee.  Respondent fabricated the consultant's fee to recoup a similar amount he had personally paid to company employees serving under him for bonuses.  He maintained that Price Brothers had promised the bonuses to his employees and then reneged.  Respondent was subsequently dismissed by Price Brothers, and his severance agreement required him to repay the fabricated fee.  Price Brothers apparently did not allege any

wrongdoing, however, and paid respondent approximately $37,500 over the fair market value when it purchased his company stock. The panel found that respondent's conduct violated DR 1-102(A)(3).

The record also established that respondent deposited a $97 check made out to him and a solely-owned subsidiary of Price Brothers. Respondent explained that the check was sent to his home along with other checks emanating from his severance agreement, and he endorsed it by mistake. The panel found that respondent's conduct violated DR 1-102(A)(4).

The parties also jointly suggested a sanction for respondent's misconduct -- a public reprimand. The panel recommended a public reprimand after considering respondent's compelling statement of mitigating factors. The statement described respondent's personal turmoil during the events at issue -- he was managing a $3.3 billion engineering project for Price Brothers in Libya at the time of a United States economic embargo, his first marriage failed, his ex-wife contracted cancer and later died, one of his children became suicidal, and he was diagnosed with depression. The board adopted the panel's findings and its recommendation.

Altick & Corwin and Dennis J. Adkins, for relator.
Flanagan, Lieberman, Hoffman & Swaim and Bradley C. Smith, for respondent.

Per Curiam. Having thoroughly reviewed the record, we agree with the board's findings of misconduct and its recommendation. Richard H. Rogers is publicly reprimanded for having violated DR 1-102(A)(3) and (4). Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.
Pfeifer, J., dissents and would dismiss the cause.